# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRUNSWICK CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 19 C 1503 |
| | ) | |
| FITNESS 19 OH 237, LLC, | ) | Hon. Virginia M. Kendall |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brunswick Corporation ("Brunswick") initiated this breach-of-contract action in the Circuit Court of Cook County, Illinois. Defendant Fitness 19 OH 237, LLC ("Fitness 19") removed the case to this Court based on diversity jurisdiction and moved to transfer the case to the Northern District of Ohio under 28 U.S.C. § 1404(a). (Dkt. 1, 9.) For the reasons stated here, Fitness 19's motion to transfer [Dkt. 9] is denied.

**I.   Background**

As an initial matter, the Court identified deficiencies in Fitness 19's allegations of grounds for diversity jurisdiction and ordered Fitness 19 to amend its notice of removal. (Dkt. 16.) Fitness 19 did so (*see* Dkt. 17) but its amended filing did not cure the issues the Court identified, so the Court instructed Fitness 19 to amend its notice of removal again. (Dkt. 18.) The Court reviewed Fitness 19's latest attempt (*see* Dkt. 19) and is now satisfied that there is complete diversity between the plaintiff and defendant and that the amount in controversy exceeds $75,000, and thus that the Court has jurisdiction over the matter under 28 U.S.C. § 1332.

Plaintiff Brunswick, a fitness-equipment manufacturer, entered into an agreement in February 2010 to lease certain fitness equipment to Fitness 19, which owns and operates a gym in

1

Ohio. (Dkt. 19-1 ¶¶ 5, 6.) Fitness 19 agreed to indemnify and hold Brunswick harmless from claims arising out of the fitness equipment's use, "including but not limited to any claim arising out of strict liability in tort." (*Id.* ¶ 7.) In April 2017, Joseph Jett sued several defendants in Lake County, Ohio, including Brunswick and Fitness 19, alleging that he was injured while using a piece of fitness equipment manufactured by Brunswick at Fitness 19's facility in Wickliffe, Ohio. (*Id.* ¶¶ 9-10.) Jett's complaint includes negligence and strict products liability claims. (*Id.* ¶ 11.) Jett's counsel inspected the piece of equipment, a Cable Motion Dual Adjustable Pulley strength machine (the "CMDAP Machine") at Fitness 19's facility on July 2, 2015 and confirmed that Jett was injured when one of the CMDAP Machine's cables broke. (*Id.* ¶¶ 10, 13.) After the inspection, Brunswick determined that the CMDAP Machine was leased to Fitness 19 pursuant to the lease agreement and installed at Fitness 19 in April 2010. (*Id.* ¶ 14.) Brunswick tendered its defense of Jett's lawsuit to Fitness 19 on July 27, 2015. (*Id.* ¶ 15.) Two months later, Fitness 19 accepted Brunswick's tender as to Jett's negligence claim, but rejected the tender as to Jett's strict products liability claim. (*Id.* ¶ 16.)

In January 2019, Brunswick sued Fitness 19 in Cook County Circuit Court for breach of contract. (*See* Dkt. 19-1.) Brunswick alleges that Fitness 19 breached the lease agreement by "refusing to accept Brunswick's tender in full and by refusing to reimburse Brunswick for the amounts owed under the Agreement." (*Id.* ¶ 19.) Fitness 19 removed the case to this Court and moved to transfer the case to the Northern District of Ohio. (Dkt. 1, 9.)

II.     **Legal Standard**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28

2

U.S.C. § 1404(a). Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). District courts are thus granted "a substantial degree of deference . . . in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). The moving party "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The Court may transfer a case under section 1404(a) when: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012). The Court will consider each factor in turn.

### III. Analysis

#### a. Venue in Transferor and Transferee Districts

The parties do not dispute that venue is proper in both the transferor and transferee districts, though they do dispute the basis for proper venue in this District. (*See* Dkt. 9 at 3.) The Court agrees that venue is proper here. Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff's complaint alleges that venue is proper in Cook County (and thus in this District) because "a substantial part of the events giving rise to this litigation occurred in [Cook County]." Dkt. 19-1 ¶ 4. Plaintiff's complaint does not specify what those events are, but its opposition to the motion to transfer clarifies that Plaintiff's principal place of business is located in the District, as is Plaintiff's principal witness and representative who negotiated and signed the contract at issue. Dkt. 13 at 4. That is enough to establish that venue is proper in this District.

*See, e.g., Moore v. AT&T Latin America Corp.*, 177 F. Supp. 2d 785, 788-89 (N.D. Ill. 2001) (holding that venue was proper where contract was negotiated and signed by individuals in the district because "[a]s long as the contacts in plaintiffs' chosen district are substantial, venue is proper notwithstanding the possibility that defendants' activities may have been more substantial somewhere else") (quotation omitted).

Venue is also proper in the transferee district, the Northern District of Ohio, because "a substantial part of the events or omissions giving rise to the claim occurred" there—the plaintiff in the underlying lawsuit alleges that he was injured there and his lawsuit is pending there. *See* 28 U.S.C. § 1391(b)(1).

  **b.**  **Convenience of the Parties and Witnesses**

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (citation omitted). Defendant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Considering the five factors together, the Court concludes that Defendant has not met its burden.

  **i.**  **Plaintiff's Choice of Forum**

This factor weighs substantially against transfer. A "plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Kjaer Weis,* 296 F. Supp. 3d at 930 (citation omitted). "A corporation is at home where it resides, and a plaintiff entity is deemed to reside where it maintains its principal place of business." *HealthRight Products,*

4

*L.L.C. v. Coastal Counting & Indus. Scale Co., Inc.*, No. 17 CV 50203, 2019 WL 247543, at *2 (N.D. Ill. Jan. 17, 2019) (citing 28 U.S.C. § 1391(c)(2)). Here, the Northern District of Illinois is Plaintiff's home forum, as its headquarters and principal place of business are located here. Dkt. 19 ¶ 6. Plaintiff's choice of forum is thus given substantial weight and weighs significantly against transfer. *See, e.g.*, *Obartuch v. Meadows of Wickenburg, Inc.*, No. 18 C 280, 2019 WL 330473, at *4 (N.D. Ill. Jan 25, 2019).

### ii. Situs of the Material Events

This factor is neutral. In support of its motion, Defendant argues that the "actuall[y] [m]aterial events at issue all occurred in Ohio." Dkt. 15 at 3. Defendant cites the fact that it is an Ohio LLC and the contract at issue was signed on its behalf. *Id.* Defendant also points out that the contract was "ultimately carried out in Ohio," that the fitness equipment at issue in the underlying lawsuit was delivered, serviced, maintained, used, and repaired there, that the underlying lawsuit is pending there, and that the plaintiff in the underlying lawsuit alleges he was injured at a fitness club there. *Id.* Plaintiff counters that the "equipment and fitness club itself are irrelevant" to the instant suit, because the only issue in this breach-of-contract action is "the scope of the defense and indemnification provision in the contract." Dkt. 13 at 4.

Neither party gets it quite right. "In breach of contract cases, the situs of material events is where the business decisions leading up to and causing the breach occurred." *HealthRight*, 2019 WL 247543, at *3 (citation omitted). Here, Plaintiff alleges that Defendant "breached the Agreement by refusing to accept [Plaintiff's] tender in full and by refusing to reimburse [Plaintiff] for the amounts owed under the agreement." Dkt. 19-1 ¶¶ 16, 21. The business decisions causing the breach, then, were Defendant's decisions to reject Plaintiff's tender of defense and to refuse to reimburse Plaintiff. Neither party specifies where those decisions were made. The business

decisions "leading up to" the breach include the negotiation, entry, and acceptance of the contract. *See HealthRight*, 2019 WL 247543, at *3. Those events are alleged to have taken place in both Ohio[1] (*see* Dkt. 9 at 4) and Illinois (*see* Dkt. 13 at 4). Because business decisions leading up to the breach of contract were made in both Ohio and Illinois, this factor is neutral.

### iii. Relative Ease of Access to Sources of Proof

This factor is also neutral. It refers primarily to documentary evidence, and the physical location of documents is less important than it once was given the advent of electronic discovery. *See Kjaer Weis*, 296 F. Supp. 3d at 931-32; *Chi. Reg'l Council of Carpenters v. Willman Constr., Inc.*, No. 15 C 10163, at *8 (N.D. Ill. March 22, 2017). Neither party argues, for instance, that its records are extraordinarily voluminous. This factor is thus neutral. *See Preston v. Am. Honda Motor Co., Inc.*, No. 17 C 3549, 2017 WL 5001447, at *4 (N.D. Ill. Nov. 2, 2017).

### iv. Convenience of Witnesses

The fourth factor, the convenience of witnesses, weighs against transfer. In support of its motion, Defendant states generally that its witnesses who will testify about the contract at issue are located in Ohio, but it does not specify who those witnesses are. Dkt. 9 at 4. Defendant, on the other hand, argues that its primary witness is Michelle Caruso, who negotiated and signed the contract on Defendant's behalf, and that she is located in Illinois. Dkt. 13 at 4. Plaintiff's motion contains no such specificity—in fact, it barely mentions the location of its witnesses, and at this point it bears repeating that it is Plaintiff's burden to establish, "by reference to *particular*

---

[1] In its motion to transfer, Defendant states that the contract at issue "was executed in Ohio." Dkt. 9 at 4. In response, Plaintiff points out that the individual who signed the contract on Defendant's behalf is a citizen of Washington state, not Ohio, and that his address in the contract is listed in Covington, Washington. Dkt. 13 at 4. Though Plaintiff admits as much in reply, *see* Dkt. 15 at 3, the signatory's residence is not dispositive of the location the contract was executed. Plaintiff states that the contract was executed in Ohio and the Court takes that statement as true for purposes of this motion.

*circumstances*, that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20 (emphasis added); *see also Allstate Ins. Co. v. Ameriprise Fin. Servs., Inc.*, 317 F. Supp. 3d 1006, 1010 (N.D. Ill. 2018) (defendant failed to show that this factor weighed in its favor where it "insists that its witnesses are located primarily in Minnesota, but its motion and supporting memorandum do not identify a single Minnesota witness it expects to call or the topics on which they will be examined") (citing *College Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1055 (N.D. Ill. 1995)). This factor thus weighs against transfer.

### v. Convenience to the Parties of Litigating in the Respective Forums

The last factor is the convenience to the parties, which weighs against transfer. For this factor, "courts consider the residences and resources of the parties—in essence, their 'abilit[y] to bear the expense of trial in a particular forum.'" *Kjaer Weis,* 296 F. Supp. 3d at 934 (citation omitted). As to this factor, Defendant argues that it is an "Ohio company" and an Ohio LLC, which is "operated and maintained in Ohio." *See* Dkt. 9 at 4; Dkt. 15 at 4. Plaintiff, for its part, argues that it is a corporation with its principal place of business in Illinois. Dkt. 13 at 4. It would, of course, be more convenient for Plaintiff to litigate the case in Illinois and more convenient for Defendant to litigate the case in Ohio. But a transfer "cannot be used simply to shift the one party's inconvenience onto another party." *HealthRight*, 2019 WL 247543, at *4 (citation omitted). That is precisely what Defendant seeks to do here. Defendant has not demonstrated that it would be more inconvenienced litigating in Illinois than Plaintiff would be litigating in Ohio—in other words, the inconvenience of each venue is comparable. *See In re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the

7

alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]"). This factor weighs against transfer.

### c. The Interests of Justice

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F.Supp.2d at 1025. The first factor, speed at which the case will proceed to trial, favors transfer. In support of its motion, Defendant cites statistics (which Plaintiff does not refute) establishing that, as of September 2018, the Northern District of Illinois had nearly three times as many pending civil cases as the Northern District of Ohio did during the same period. *See* Dkt. 9 at 6. The more relevant statistic, however, is the speed at which civil cases will proceed to trial. For the twelve-month period ending June 30, 2018, the median time for civil cases to proceed from filing to trial was 36.3 months in the Northern District of Illinois and 10.3 months in the Northern District of Ohio. *See* Federal Court Management Statistics (June 30, 2018), available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf. This weighs in favor of transfer.

The remaining interest-of-justice factors, however, are neutral. The second factor is the court's familiarity with the applicable law. The contract at issue contains a choice-of-law provision stating that the contract is "governed by and construed in accordance with the laws of the state of Iowa."[2] Dkt. 19-1 at 9 ¶ 18. A federal court in either Illinois or Ohio would be equally

---

[2] Though neither party raised this issue, the Court notes that the contract also contains a forum selection clause stating that by entering the agreement, Defendant "consents to the exclusive jurisdiction and venue of state and federal courts in Iowa." Dkt. 19-1 at 9 ¶ 18. The contract also states that Plaintiff may, "at its sole discretion . . . enforce this Agreement or a Lease in any state or federal court having lawful jurisdiction." *Id.* If either party had attempted to enforce the forum

8

competent at applying Iowa state law to this breach-of-contract action, making this factor neutral. As for the third and forth factors, both districts have a relationship to the controversy. It is true, as Defendant argues, that Ohio has a much stronger relationship to the personal injury lawsuit underlying this action—indeed, Illinois has virtually no connection to that suit. But this case is about the breach of contract, not the alleged injury, and as explained above, the breach of contract action has connections to both Illinois and Ohio.

Ultimately, the only arguments Defendant musters in favor of transfer are that this breach-of-contract action is related to the personal injury lawsuit pending in Ohio state court and that it is an Ohio LLC. That is not enough to demonstrate that Ohio is clearly more convenient. *See Coffey*, 796 F.2d at 219-20. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto*, 347 F.3d at 664. Plaintiff's motion to transfer is denied.

## IV. Conclusion

For the reasons stated here, Plaintiff's motion to transfer [Dkt. 9] is denied.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: May 31, 2019

---

selection clause or otherwise invoked the clause in its arguments for or against transfer, the Court's analysis would have been different, but the Court will not raise those issues *sua sponte*. *See Atl. Marine Constr. Co, Inc., v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62-68 (2013).